IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>vs.<br><br>Larry Owens, III,<br><br>            Defendant. | Case No. 1:21-cr-00025 |

## ORDER DENYING MOTION TO REDUCE SENTENCE

[¶1] THIS MATTER comes before the Court on a Motion to Reduce Sentence filed by the Defendant on October 11, 2024. Doc. No. 46. The United States filed a Response November 22, 2024. Doc. No. 54. The Defendant filed a Reply on January 24, 2025, and a Supplement to his reply on March 26, 2025. Doc. Nos. 61, 62. For the reasons set forth below, the Motion to Reduce Sentence is **DENIED**.

### BACKGROUND

[¶2] At the Defendant's sentencing hearing, the Court found the guidelines range to be 78 to 97 months of imprisonment. However, the Court varied upward and imposed a sentence of 180 months of imprisonment after the Defendant plead guilty to Possession with Intent to Distribute a Controlled Substance – Fentanyl (40 grams or more). As grounds for this, the Court specifically noted (1) fentanyl has contributed to numerous Native and nonnative deaths in North Dakota and those addicted throughout the United States; (2) the Defendant spent five years in custody for a prior violent armed robbery; (3) the Defendant was a "particularly violent offender" due to his criminal history and use of firearms in past criminal offenses; and (4) the Defendant has "failed to

recognize that he is a danger to society based upon his prior conduct and continued conduct." Doc. No. 42, p. 12:8–13:22.

## DISCUSSION

[¶3]     Under 18 U.S.C. § 3582(c)(1)(A), district courts can modify a term of imprisonment upon either a motion by the Director of the Bureau of Prisons or the defendant. Certain conditions must be met, however, for a defendant to have the right to bring such a request. A defendant must first have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c).

[¶4]     Once a defendant has exhausted his administrative remedies, courts can reduce a sentence upon a showing of "extraordinary and compelling reasons warrant such a reduction" to the extent "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," but only after consideration of the factors set forth in 18 U.S.C. Section 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i). Defendants bear the burden of proving a sentencing reduction is warranted. United States v. Avalos Banderas, 39 F.4th 1059, 1062 (8th Cir. 2022).

[¶5]     The First Step Act does not define "extraordinary and compelling reasons." The relevant policy statement provides a sentencing reduction can occur upon meeting three conditions: (1) "extraordinary and compelling circumstances" warrant the reduction; (2) the court determines "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and (3) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13(a)(1)–(3).

[¶6]     The Defendant first argues there are extraordinary and compelling circumstances due to the Bureau of Prison's deliberate indifference to his serious medical needs in violation of the

Eighth Amendment's prohibition on cruel and unusual punishment. This claim, however, is inappropriate for consideration under 18 U.S.C. § 3582 because the proper statutory basis for such a claim is 42 U.S.C. § 1983,. See United States v. Penoncello, Case No. 15-cr-0120, 2024 WL 4553706, at *1 n.1 (D. Minn. Oct. 23, 2024) ("Penoncello moves under § 3582, but he frames his argument as an Eighth Amendment claim of deliberate indifference. If Penoncello wants to seek relief other than a § 3582 sentence reduction, he must do so through the proper procedural vehicle." (citing United States v. El-X, No. 11-CR-0109, 2021 WL 1609048, at *1 (D. Minn. Apr. 26, 2021) ("[A] § 3582 motion is not a proper vehicle for raising constitutional challenges to conditions of confinement."))).

[¶7] Defendant next argues extraordinary and compelling circumstances exist because he has a serious medical condition for which he is not getting proper treatment. Relevant here, the policy statement defines "extraordinary and compelling reasons" as:

> (b) Extraordinary and Compelling Reasons.—Extraordinary and compelling reasons exist under any of the following circumstances or combination thereof:
>
> \* \* \*
>
> (1) Medical Circumstances of the Defendant.—
>
> \* \* \*
>
> (B) The defendant is—
> (i) suffering from a serious physical or medical condition,
> (ii) suffering from a serious functional or cognitive impairment, or
> (iii) experiencing deteriorating physical or mental health because of the aging process,
>
> That substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> \* \* \*

> (5) Other Reasons.—The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

U.S.S.G. § 1B1.13(b). This policy statement is advisory in nature. United States v. Marcussen, 15 F.4th 855, 859 (8th Cir. 2021).

[¶8] The Defendant outlines several medical issues he suffers from while in custody, including hemiplegia and migraines. However, he supplies medical records that show he has been receiving medical care for the problems he has brought to the BOP's attention. In addition, he failed to show these conditions "substantiality diminish[] the ability of the defendant to provide self-care" while in BOP's custody. U.S.S.G. § 1B1.13(b). Indeed, the record shows the Defendant has voluntarily elected not to seek medical treatment at his current place of confinement due to alleged ambivalence of the staff. While he claims he cannot provide self-care because of seizures and has paralysis in one hand, these bare assertions without more do not show he should receive the relief he requests. In short, there is no claim he is unable to care for himself while in custody as required by the Section 1B1.13(b)(1) of the Guidelines.

[¶9] The Defendant also argues the combination of the alleged deliberate indifference and the lack of medical assistance amount to a justification for a reduced sentence for "other reasons" under Section 1B1.13(B)(5).[1] The Court has determined neither ground justify a sentence

---

[1] In his Reply, the Defendant asserts the United States failed to respond to other arguments raised in a "supplemental motion" outlining his position under U.S.S.G. § 1B1.13(b)(5). Doc. No. 61, pp. 4–5. The United States' failure to respond, however, appears to be because the Defendant never filed a "supplemental motion." The only motion by the Defendant between the Motion to Reduce Sentence and his Reply is a Motion for Extension of Time to File Response/Reply, which the Court granted. Doc. Nos. 59–60. However, judging by the general summary of these other arguments detailed in the Reply, even if these arguments were properly raised, they would not change the Court's conclusion.

reduction independently. The Court will not reduce the Defendant's sentence based on a cumulative review of the issues.

[¶10] Furthermore, even if the Defendant's circumstances would be "extraordinary and compelling" the Court would nevertheless deny the motion because (1) he has failed to establish he is no longer "a danger to the safety of any other person or the community" (U.S.S.G. § 1B1.13(a)(2)) and (2) the weight of the factors under 28 U.S.C. § 3553(a) still favor the sentence imposed. At sentencing, the Court found the Defendant was a danger and that he continued to deny that he was a danger. Even though he was only twenty-six (26) at the time of sentencing, he had amassed a serious and violent criminal history. The Defendant has not provided any information to persuade the Court anything has changed since sentencing.

## CONCLUSION

[¶11] For the reasons set forth above, the Defendant's Motion to Reduce Sentence is **DENIED**.

[¶12] **IT IS SO ORDERED.**

DATED May 6, 2025.

Daniel M. Traynor, District Judge
United States District Court